United States District Court
Southern District of Texas

**ENTERED**

November 22, 2022

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

SUSANA HANSEN, §
§
    Plaintiff, §
§
v. § CIVIL ACTION NO. H-22-03552
§
PROTECTIVE LIFE INSURANCE CO., §
§
    Defendant. §

## MEMORANDUM OPINION AND ORDER

Plaintiff, Susana Hansen ("Plaintiff" or "Hansen"), brings this action against Defendant, Protective Life Insurance Co. ("Defendant" or "Protective"), seeking inter alia the $100,000.00 death benefit of Protective Life Insurance Company Policy No. FL0030255 ("the Policy").[1]  Pending before the court is Defendant Protective Life Insurance Company's Amended Partial Motion to Dismiss and Incorporated Memorandum of Law ("Defendant's Amended Partial Motion to Dismiss")(Docket Entry No. 9).  For the reasons explained below, the pending motion for partial dismissal will be granted in part and denied in part.

---

[1]Plaintiff's Original Petition, Exhibit 2 at p. 3 attached to Notice of Removal, Docket Entry No. 1.  See also Life Insurance Policy, Michael V. Hansen, Policy Number Fl0030355, Exhibit B, Docket Entry No. 1-1, pp. 19-41.  Page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system, CM/ECF.

## I. __Factual Allegations and Procedural Background__

On September 6, 2022, Plaintiff filed suit against Defendant in the 164th Judicial District Court of Harris County, Texas, (Cause No. 22-56269).[2]   In her state court petition Plaintiff alleges that on or about July 7, 2005, Mr. Michael Hansen ("Mr. Hansen"), applied for a life insurance policy from Defendant,[3] and that on August 24, 2005, Defendant issued the Policy, which designated Mr. Hansen as the Policy's owner, his wife, the Plaintiff, as the Policy's primary beneficiary, and his two daughters, Susana E. Hansen and Sylvia E. Bellamy, as the Policy's contingent beneficiaries.[4]   Plaintiff alleges that on October 5, 2020, Mr. Hansen fell and was admitted to Memorial Hermann hospital for treatment.[5]   On October 8, 2020, Mr. Hansen was discharged from the hospital for relocation to Harbor Hospice.[6]

---

[2]Notice of Removal, Docket Entry No. 1, p. 1 ¶ 1.

[3]Plaintiff's Original Petition, Docket Entry No. 1-1, p. 8 ¶ 11. See also Life Insurance Application, Exhibit A, Docket Entry No. 1-1, pp. 17-18.

[4]Plaintiff's Original Petition, Docket Entry No. 1-1, p. 8 ¶ 11.  See also Life Insurance Policy, Michael V. Hansen, Policy Number Fl0030355, Exhibit B, Docket Entry No. 1-1, pp. 19-41; and Defendant's Motion for Partial Dismissal, Docket Entry No. 9, pp. 2-3.

[5]Plaintiff's Original Petition, Docket Entry No. 1-1, p. 8 ¶ 12.  See also Memorial Hermann record, Exhibit C, Docket Entry No. 1-1, pp. 45-47 (showing admit date of 10/5/2020).

[6]Plaintiff's Original Petition, Docket Entry No. 1-1, pp. 8-9 ¶¶ 12-13.  See also Memorial Hermann record, Exhibit C, p. 47 (showing discharge date of 10/8//2020; and  Harbor Hospice Hospice
(continued...)

Mr. Hansen passed away the next day, i.e., October 9, 2020, at 5:53 p.m.[7]   Plaintiff alleges that Defendant reports a change of beneficiary for the Policy was made at 11:18:23 a.m. the day of Mr. Hansen's death, i.e., October 9, 2020, via the policy-holder's portal.[8]   Plaintiff's asserts claims against Defendant for (1) negligence, (2) negligent misrepresentation, (3) negligent hiring, supervision, and/or management, (4) breach of contract, (5) agency, (6) respondeat superior, (7) declaratory judgment, and (8) rescission and other orders to restore,[9] and seeks "monetary relief over $250,000.00, but no more than $1,000,000.00."[10]

On October 14, 2022, Defendant filed Defendant's Notice of Removal (Docket Entry No. 1), pursuant to which this action was transferred from state to federal court.   The Notice of Removal asserts that "[t]his is an action that may be removed to this Court by Protective pursuant to the provisions of 28 U.S.C. § 1441(b) because complete diversity of citizenship exists between Plaintiff and Protective and the amount in controversy exceeds the sum or

---

[6](...continued)
Election Statement, Exhibit D, Docket Entry No. 1-1, p. 48 (showing hospice care began on 10/8//2020).

[7]Plaintiff's Original Petition, Docket Entry No. 1-1, p. 9 ¶ 14 (citing Death Certificate, Exhibit F, Docket Entry No. 1-1, p. 54).

[8]Id. at 9 ¶ 15 (citing Letter from Protective Acknowledging Policy Change, Exhibit G, Docket Entry No. 1-1, pp. 55-56.

[9]Id. at 6 ¶ 1- 14 ¶ 35.

[10]Id. at 6 ¶ 1 and 8 ¶ 8.

value of $75,000.00, exclusive of interests and costs."[11] Defendant
explains that

> [t]he Complaint suggests that Protective is a Texas
> Defendant. . . However, Protective was at the time of
> filing of the State Court Action, and is now, a
> corporation existing under the laws of the State of
> Tennessee, with its principal place of business located
> in Birmingham, Alabama. . . Protective is, therefore a
> citizen of the States of Tennessee and Alabama for
> purposes of this Notice.[12]

On October 20, 2022, Defendant filed Defendant Protective Life
Insurance Company's Partial Motion to Dismiss and Incorporated
Memorandum of Law (Docket Entry No. 5), and Protective Life
Insurance Company's Answer to Complaint and Third Party Complaint
Against Susana Hansen Coronado (Docket Entry No. 6).  The court
issued an Order for Conference and Disclosure of Interested Parties
(Docket Entry No. 7) setting an initial pretrial and scheduling
conference for December 2, 2022, at 3:00 p.m.  Later that same day,
Defendant filed Defendant Protective Life Insurance Company's
Amended Partial Motion to Dismiss and Incorporated Memorandum of
Law (Docket Entry No. 9), and Protective Life Insurance Company's
Amended Answer to Complaint and Third Party Complaint Against
Susana Hansen Coronado (Docket Entry No. 10).  Pursuant to the
filing of Defendant's Defendant's Amended Partial Motion to
Dismiss, the court terminated Defendant Protective Life Insurance
Company's Partial Motion to Dismiss and Incorporated Memorandum of
Law (Docket Entry No. 5).

---

[11]Notice of Removal, Docket Entry No. 1, p. 2 ¶ 3.

[12]Id. at 2 ¶ 5.

-4-

Relying on Federal Rule of Civil Procedure 12(b)(6), the pending motion seeks

> an order: (1) dismissing Plaintiff['s] . . . causes of action for negligence; negligent misrepresentation; negligent hiring, supervision, and/or management; agency; respondeat superior; declaratory judgment; and rescission; and (2) dismissing and/or striking Plaintiff's request for extracontractual and statutory damages.[13]

A month has passed since October 20, 2022, when Defendant filed Defendant's Amended Partial Motion to Dismiss (Docket Entry No. 9), and almost two weeks have passed since Plaintiff's response to the pending motion for partial dismissal was due on November 10, 2022,[14] yet Plaintiff has not responded to Defendant's motion. On November 15, 2022, the court's case manager sent an email to counsel for both parties stating that

> [p]ursuant to paragraph 4 of the Order for Initial Conference (#7) the joint discovery/case management plan is due 10 days prior to the Initial Conference. Once filed Judge Lake has been issuing a Docket Control Order and cancelling the Initial Conference unless there is a need for him to go forward with the conference. Please file the joint plan immediately.

Defense counsel responded by email stating: "We will work on this immediately. The issue could be moot if the Court would like to rule on our Motion to Dismiss. Plaintiff has not timely filed any

---

[13]Defendant's Motion for Partial Dismissal, Docket Entry No. 9, p. 1.

[14]Under the Local Rules of the Southern District of Texas, a response to a motion is due 21 days after the motion is filed. S.D. Tex. L.R. 7.3, 7.4(A).

response, thus by Local Rule it is unopposed and can be granted." The court's case manager then sent a second email asking Plaintiff's counsel, "Do you agree with Defendant's position that no timely response to the Motion to Dismiss (#9) has been filed and it is, therefore, Unopposed?" Plaintiff's counsel has not responded to the court's emails.

## II. **Standard of Review**

The Local Rules provide that failure to respond to a motion is taken as a representation of no opposition. S.D. Tex. L.R. 7.3, 7.4. While recognizing that Local Rule 7.4 allows a court to construe a party's failure to respond as a representation of no opposition, the Fifth Circuit has said that where the motion is dispositive, "[t]he mere failure to respond to a motion is not sufficient to justify a dismissal with prejudice." Watson v. United States ex rel. Lerma, 285 Fed. Appx. 140, 143 (5th Cir. 2008) (per curiam). The Fifth Circuit has held, however, that a proper sanction for a failure to respond to a dispositive motion is for the court to decide the motion on the papers before it. Ramsay v. Bailey, 531 F.2d 706, 709 n. 2 (5th Cir. 1976)(per curiam), cert. denied, 97 S. Ct. 1139 (1977). See also Eversley v. MBank Dallas, 843 F.2d 172, 173-74 (5th Cir. 1988) (observing that when the nonmovant fails to respond, the court may properly accept as undisputed the movant's factual allegations).

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief may be granted tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied sub nom Cloud v. United States, 122 S. Ct. 2665 (2002). The court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. Id.

> When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.

Swierkiewicz v. Sorema N.A., 122 S. Ct. 992, 997 (2002) (quoting Scheuer v. Rhodes, 94 S. Ct. 1683, 1686 (1974)). To avoid dismissal a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). This "plausibility standard" requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 127 S. Ct. at 1966). When

-7-

considering a motion to dismiss, district courts are able to consider documents that are attached to a motion to dismiss if they are "referred to in the plaintiff's complaint and are central to the plaintiff's claim." Scanlan v. Tex. A & M Univ., 343 F.3d 533, 536 (5th Cir. 2003) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000)).

### III. **Defendant's Amended Motion for Partial Dismissal**

Asserting that "[t]his case is, at most, a breach-of-contract action regarding entitlement to the proceeds of a Protective policy insuring the life of the late Michael V. Hansen (the "Insured"),"[15] Defendant moves for dismissal of "Plaintiff's extracontractual claims, which are legally improper."[16]   Defendant argues that

> Plaintiff has improperly attempted to "tortify" her garden-variety contract claim and has asserted additional causes of action for: (1) negligence, (2) negligent misrepresentation, (3) negligent hiring, supervision, and/or management, (4) agency, (5) respondeat superior, (6) declaratory judgment, and (7) duty of good faith and fair dealing.   Plaintiff also seeks damages pursuant to the Texas Business and Commerce Code, the Texas Civil Practice and Remedies Code, and the Texas Insurance Code, notwithstanding the fact that she does not assert any cause of action under these statutes in the Complaint.
>
> As set forth below, each of Plaintiff's extracontractual claims have numerous deficiencies necessitating their dismissal, including that Plaintiff fails to state sufficient factual allegations to support any of her extracontractual claims under the pleading

---

[15]Defendant's Motion for Partial Dismissal, Docket Entry No. 9, p. 1.

[16]Id.

-8-

mandates set for in [Twombly, 127 S. Ct. at 1955, and Iqbal, 129 S. Ct. at 1937]; Texas law does not recognize Plaintiff's negligence-based claims against an insurer in the claim handling context; and Plaintiff's tort and declaratory judgment claims are improperly duplicative of her breach of contract claim.  Because Plaintiff fails to state a claim for her extracontractual causes of action, her requests for extracontractual damages should also be dismissed and/or stricken from the Complaint.[17]

## A.   Plaintiff's Negligence Causes of Action Will Be Dismissed

Asserting that "Defendant owed Plaintiff a duty to ensure a complete investigation before disbursing life insurance proceeds,"[18] Plaintiff alleges that "Defendant failed to exercise ordinary care in performing such duty."[19]  Asserting that "Defendant supplied false information in the course of said Defendant's business,"[20] that "such information was supplied by Defendant for the guidance of Plaintiff,"[21] and that "Plaintiff suffered pecuniary loss,"[22] Plaintiff "asserts a cause of action for negligent misrepresentation against Defendant."[23]  Asserting that Defendant "owed a duty to clients and customers, including Plaintiff, to exercise ordinary care in hiring of competent employees, and in the

---

[17]Id. at 2.

[18]Plaintiff's Original Petition, Docket Entry No. 1-1, p. 9 ¶ 17.

[19]Id. at 10 ¶ 18.

[20]Id. ¶ 19.

[21]Id.

[22]Id.

[23]Id. ¶ 20.

supervision and management of Defendant's employees,"[24] and that
"Defendant failed to use ordinary care in these respects,"[25]
Plaintiff alleges that Defendant's failure in these respects
proximately caused damages for which she sues.[26]

Defendant argues that

nothwithstanding these allegations, Plaintiff's
negligence theory fails for a variety of reasons:
(1) Texas does not recognize a common law cause of action
for negligent claims handling against insurers; (2) even
if Texas did recognize such a claim, Plaintiff fails to
allege sufficient facts to support it; and
(3) Plaintiff's negligence claim is duplicative of her
breach of contract claim.[27]

Defendant correctly points out that Texas does not recognize
a common law cause of action for negligent claims-handling against
insurers. See Northwinds Abatement, Inc. v. Employers Insurance of
Wassau, 258 F.3d 345, 352 (5th Cir. 2001) (applying Texas law);
University Baptist Church of Fort Worth v. Lexington Insurance Co.,
346 F. Supp.3d 880, 887 & n. 5 (N.D. Tex. 2018), aff'd 787 F.App'x
194 (5th Cir. 2019) (per curiam) (quoting Higginbotham v. State
Farm Mutual Automobile Insurance Co., 103 F. 3d 456, 460 (5th Cir.
1997)).  Plaintiff's pleading alleges that Defendant owed her a
duty of ordinary care to conduct a complete investigation before

---

[24]Id. ¶ 21.

[25]Id. ¶ 22.

[26]Id. at 11 ¶ 22.

[27]Defendant's Motion for Partial Dismissal, Docket Entry No. 9,
p. 5.

disbursing the Policy proceeds, not to provide false information, and to hire, supervise, and manage competent employees.  Although under Texas law insurers are duty bound to act in good faith and deal fairly with their insureds, these duties arise from the contract of insurance; Texas law does not impose duties on insurers beyond the contract itself.  See Soto v. Lloyds, Civil Action No. 5:15-CV-86, 2016 WL 6883174, at *6 (S.D. Tex. Aug. 19, 2016) (quoting Higginbotham, at 460; and citing Southwestern Bell Telephone Co. v. DeLanney, 809 S.W.2d 493, 494-95 (Tex. 1991)).  Nonetheless, a tort claim can arise out of a contractual setting "when the duty allegedly breached is independent of the contractual undertaking and the harm suffered is not merely the economic loss of a contractual benefit."  Id.  (quoting Shakeri v. ADT Sec. Services, Inc., 816 F.3d 283, 293 (5th Cir. 2016)(per curiam) (quoting Chapman Custom Homes, Inc. v. Dallas Plumbing Co., 445 S.W.3d 716, 718 (Tex. 2014) (per curiam)).  Because Plaintiff's negligence claims are predicated on a duty to properly investigate and pay a claim that arises under an insurance policy, the duties at issue are not independent of the insurance contract.

Moreover, Plaintiff's alleged injuries are economic in nature. Under Texas law, no tort duty exists "'when the only injury claimed is one for economic damages recoverable under a breach of contract claim.'"  Wansey v. Hole, 379 S.W.3d 246, 248 (Tex. 2012) (per curiam) (citation omitted).  See also DeLanney, 809 S.W.2d at 495

-11-

("Bell's duty to publish DeLanney's advertisement arose solely from the contract. . . Although DeLanney pleaded his action as one in negligence, . . . [w]e hold that Bell's failure to publish the advertisement was not a tort. . . DeLanney's claim was solely in contract."). Therefore, to the extent that Plaintiff seeks to plead separate negligent claims against Defendant sounding in tort, the court finds that Plaintiff cannot state such claims for relief because they are not recognized under Texas law. Accordingly, Plaintiff's claims for negligence, negligent misrepresentation, and negligent hiring, supervision, and/or management will be dismissed.

## B. Plaintiff's Agency and Respondeat Superior Causes of Action Will Be Dismissed

Plaintiff alleges that Defendant is liable to her for the acts and/or omissions of any agent, representative or employee complained of herein by virtue of such agency relationship,[28] and under the doctrine of respondeat superior.[29] Under the doctrines of agency and respondeat superior, an employer is vicariously liable for the negligence of an agent or employee acting within the scope of his or her agency or employment, although the principal or employer has not personally committed a wrong. Agency and respondeat superior are not separate causes of action but are,

---

[28]Plaintiff's Original Petition, Docket Entry No. 1-1, p. 11 ¶¶ 24-25.

[29]Id. at 12 ¶¶ 26-27.

-12-

instead, theories of vicarious liability through which a principal may be held liable for an employee's negligence.   See Baptist Memorial Hospital System v. Sampson, 969 S.W.2d 945, 947 (Tex. 1998) (citing DeWitt v. Harris County, 904 S.W.2d 650, 654 (Tex. 1995)).   Because for the reasons stated in the preceding section the court has already concluded that Plaintiff's negligence causes of action are subject to dismissal, Plaintiff's agency and respondeat superior claims are also subject to dismissal.   See Johnson v. Sawyer, 47 F.3d 716, 730 (5th Cir. 1995) ("Respondeat superior does not impose liability on the employer unless the employee's conduct has been actionable.").

## C.   **Plaintiff's Declaratory Judgment Claim Will Not Be Dismissed**

Plaintiff seeks declaratory judgment under Chapter 37 of the Texas Civil Practices and Remedies Code "[t]hat the life insurance proceeds were unlawfully paid."[30]   Defendant argues that Plaintiff's declaratory judgment claim should be dismissed as duplicative and coextensive of her breach of contract claim.[31]

The Texas Declaratory Judgment Act is a procedural mechanism that is inapplicable in federal court.   See Utica Lloyd's of Texas v. Mitchell, 138 F.3d 208, 210 (5th Cir. 1998). "When a declaratory

---

[30] Id. at 14 ¶ 34.

[31] Defendant's Motion for Partial Dismissal, Docket Entry No. 9, p. 14.

judgment action filed in state court is removed to federal court, the federal court does not apply the Texas Declaratory Judgment Act." Collins v. National Football League, 566 F.Supp.3d 586, 602 (E.D. Tex. 2021) (citation omitted). Instead, the "action is in effect converted into one brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202." Redwood Resort Properties, LLC v. Holmes Co. Ltd., No. 3:06-CV-1022-D, 2007 WL 1266060, at *4 (N.D. Tex. Apr. 30, 2007). Under federal law, there is no rule against duplicative relief. The Declaratory Judgment Act allows a court to enter a declaratory judgment "whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Federal Rules of Civil Procedure make clear that a district court cannot decline to entertain a request for a declaratory judgment merely because of the "existence of another adequate remedy." Fed. R. Civ. P. 57. See also Marinechance Shipping Ltd. v. Sebastian, 143 F.3d 216, 219 (5th Cir.), cert. denied, 119 S. Ct. 620 (1998) ("Rule 57 of the Federal Rules of Civil Procedure expressly states that the availability of an alternative remedy does not prevent the district court from granting a declaratory judgment."). As the 1937 Advisory Committee notes explain, "the fact that another remedy would be equally effective affords no ground for declining declaratory relief." Fed. R. Civ. P. 57 advisory committee notes (1937). Accordingly, Plaintiff's declaratory judgment claim will not be dismissed.

-14-

**D.    Plaintiff's Rescission Claim Will Be Dismissed**

Citing Texas Business and Commerce Code § 17.50(b)(1)(3)(4), Plaintiff asks the court to "rescind the transaction on which [her] complaint is based and enter appropriate orders necessary to restore to Plaintiff money and/or property acquired in violation of said Act, specifically "[a]n order requiring Defendant to pay restitution to Plaintiff in the amount of $100,000.00 plus damages."[32]   Defendant argues that Plaintiff's rescission claim should be dismissed because "the remedies of rescission and contract damages are mutually exclusive."[33]

Plaintiffs may not generally have a transaction rescinded while also recovering damages caused by that same transaction. See Smith v. Smith, 120 F.3d 265, *4 (5th Cir. 1997) (citing Ehrlich v. United States, 252 F.2d 772, 776 (5th Cir. 1958) (stating that "[t]he object, of course, of an equitable suit for rescission is to restore the status quo, not to punish the transgressor. The harm should be undone but there is no reason to reward the victim."); and Kargar v. Sorrentino, 788 S.W.2d 189, 191 (Tex. App. — Houston [14th Dist.] 1990, no writ) (explaining that rescission and damages are, as a general rule, mutually exclusive remedies)). A plaintiff asserting a claim for rescission must allege facts showing that she

---

[32]Plaintiff's Original Petition, Docket Entry No. 1-1, p. 14 ¶ 35.

[33]Defendant's Motion for Partial Dismissal, Docket Entry No. 9, p. 16.

-15-

is deserving of equitable relief because there is no adequate remedy at law. <u>See Frost National Bank v. Burge,</u> 29 S.W.3d 580, 596 (Tex. App. — Houston [14th Dist.] 2000). Because Plaintiff seeks legal relief in the form of money damages and fails to allege that she is entitled to equitable relief because money damages are not sufficient, Plaintiff's rescission claim will be dismissed. <u>See Eagle Construction and Environmental Services, LLC v. Eagle Supply and Manufacturing, L.P.,</u> Civil Action No. H-10-2800, 2011 WL 4962263, at *2 (S.D. Tex. Oct. 17, 2011) ("Because [claimant's] pleadings indicate that their claims can be satisfied through monetary damages, and they have not plead any facts to indicate that relief at law is inadequate, their claim for rescission will be dismissed [under Rule 12(b)(6)]."). <u>See also Tornado Bus Co. v. Bus & Coach America Corp.,</u> No. 3:14-CV-3231-M, 2015 WL 11120584, at *6 (N.D. Tex. Dec. 15, 2015) (dismissing rescission claim for failure to allege facts showing the need for equitable relief). Accordingly, Plaintiff's rescission claim will be dismissed.

**E.   Plaintiff's Plea for Extra-Contractual Damages Will Be Dismissed**

Plaintiff seeks extra-contractual damages for mental anguish pursuant to the Texas Business and Commerce Code §§ 17.45 and 17.50(b),[34] exemplary damages pursuant to Texas Business and

---

[34]Plaintiff's Original Petition, Docket Entry No. 1-1, pp. 12-
(continued...)

-16-

Commerce Code § 41.003(a)(1),[35] treble damages and attorneys' fees pursuant to Texas Insurance Code ¶ 541.152,[36] and eighteen percent (18%) per annum of the amount of claim damages pursuant to Texas Insurance Code ¶ 542.060.[37]   Defendant argues that Plaintiff's claims for extra-contractual damages should all be dismissed because Plaintiff fails to plausibly plead claims that would entitled her to recover such damages.[38]   Although Plaintiff seeks statutory damages and attorneys' fees under the Texas Business and Commerce Code and the Texas Insurance Code, Plaintiff's Original Petition does not state causes of action supporting the recovery of these damages, does not allege violations of relevant portions of either statue, and does not allege facts showing that Defendant violated either statute.   Accordingly, Plaintiff's plea for extra-contractual damages will be dismissed.

### IV. Conclusions and Order

For the reasons stated above in § III, the court concludes that Plaintiff's claims for (1) negligence, (2) negligent

---

[34](...continued)
13 ¶¶ 29-30.

[35]Id. at 13 ¶ 33.

[36]Id. at 14-15 ¶ 39.

[37]Id. at 15 ¶ 40.

[38]Defendant's Motion for Partial Dismissal, Docket Entry No. 9, pp. 17-18.

misrepresentation, (3) negligent hiring, supervision, and/or management, (4) agency, (5) respondeat superior, (6) rescission, and (7) extra-contractual damages should be dismissed, but that Plaintiff's claim for Declaratory Judgment should not be dismissed. Because Plaintiff's state court pleading is the only pleading on file, and because the Fifth Circuit has held that "[t]he mere failure to respond to a motion is not sufficient to justify a dismissal with prejudice," <u>Watson,</u> 285 Fed. Appx. at 143, the claims dismissed by this Memorandum Opinion and Order are dismissed without prejudice. Accordingly, Defendant Protective Life Insurance Company's Amended Partial Motion to Dismiss and Incorporated Memorandum of Law, Docket Entry No. 9, is **GRANTED in PART and DENIED in PART**.

**SIGNED** at Houston, Texas, this 21st day of November, 2022.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE