United States District Court
Southern District of Texas
**ENTERED**
February 01, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SUSANA HANSEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| PROTECTIVE LIFE INSURANCE | § | |
| COMPANY, | § | CIVIL ACTION NO. H-22-3552 |
| | § | |
| Defendant, | § | |
| | § | |
| v. | § | |
| | § | |
| SUSANA HANSEN CORONADO, | § | |
| | § | |
| Third-Party Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Susana Hansen ("Plaintiff") filed this action against Protective Life Insurance Company ("Defendant") in the District Court of Harris County on September 6, 2022.¹ Plaintiff challenges Defendant's payment of her late spouse's life insurance proceeds to their daughter, Susana Hansen Coronado ("Coronado" or "Third-Party Defendant").² Pending before the court is Plaintiff's Motion for Leave to File Amended Pleading ("Plaintiff's Motion to Amend") (Docket Entry No. 21). Plaintiff seeks leave to amend to join Coronado as a defendant, alleging claims for tortious interference

---

¹Plaintiff's Original Petition ("Complaint"), Exhibit A to Defendant's Notice of Removal ("Notice of Removal"), Docket Entry No. 1-1, p. 6. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system.

²Id. at 9 ¶ 17.

with a contract and unjust enrichment.[3] Because Plaintiff and Coronado are both Texas citizens,[4] allowing the amendment would destroy diversity jurisdiction. For reasons stated below, Plaintiff's Motion to Amend will be granted, and the case will be remanded.

## I. Factual and Procedural Background

On August 24, 2005, Defendant issued a life insurance policy ("the Policy") to Michael V. Hansen (the "Insured").[5] He chose Plaintiff as the named beneficiary.[6] The Insured was injured on October 5, 2020, and taken to the hospital.[7] He was discharged on October 8, 2020, and taken to hospice care the same day.[8] At 11:18 a.m. on October 9, 2020, someone changed the named beneficiary on the Policy from Plaintiff to Coronado via the "policy-holder's [online] portal."[9] The Insured died later that

---

[3] Plaintiff's First Amended Complaint ("Amended Complaint"), attached to Plaintiff's Motion to Amend, Docket Entry No. 21-1, p. 18 ¶¶ 70-71, p. 19 ¶¶ 72-76.

[4] Notice of Removal, Docket Entry No. 1, p. 2 ¶ 4; Third Party Defendant's Answer to Plaintiff's Amended Complaint ("Coronado's Answer"), Docket Entry No. 31, p. 2 ¶ 3.

[5] Complaint, Exhibit A to Notice of Removal, Docket Entry No. 1-1, p. 8 ¶ 11.

[6] Id.

[7] Id. ¶ 12.

[8] Id. ¶ 12, p. 9 ¶ 13.

[9] Id. at 9 ¶ 15.

day at 5:33 p.m.[10]  Plaintiff alleges that "[a]ccording to [the Insured's] medical records he was *in articulo mortis* and unable to decide to change beneficiary on his life insurance policy."[11]  "It is dubious that [the Insured] could have filled out a form or had access to a computer and file a request to change the beneficiary on his life insurance policy with Defendant, nor did he have the capacity to make such decisions."[12]

Plaintiff filed her Complaint in the District Court of Harris County, Texas, on September 6, 2022, against Defendant.[13] Defendant removed the action to this court on October 14, 2022.[14] Plaintiff alleged claims for (1) negligence, (2) negligent misrepresentation, (3) negligent hiring, supervision and/or management, (4) breach of contract, (5) agency, and (6) respondeat superior.[15] Plaintiff sought (1) damages, (2) declaratory judgment, (3) rescission of the insurance payout, and (4) attorneys' fees.[16]

---

[10] Id. ¶ 14.

[11] Id. ¶ 16.

[12] Id.

[13] Id. at 6.

[14] Notice of Removal, Docket Entry No. 1, p. 1.

[15] Complaint, Exhibit A to Notice of Removal, Docket Entry No. 1-1, pp. 9-12.

[16] Id. at 12-15.

On October 20, 2022, Defendant sought dismissal of most of Plaintiff's claims, and Plaintiff did not respond.[17] Defendant also filed Protective Life Insurance Company's Amended Answer to Complaint and Third Party Complaint Against Susana Hansen Coronado (Docket Entry No. 10), adding Coronado as a third-party defendant.[18] After evaluating the Defendant's Motion to Dismiss and the Complaint, the court dismissed Plaintiff's claims for negligence, negligent misrepresentation, negligent hiring, supervision, and/or management, agency, and respondeat superior, as well as Plaintiff's request for rescission and extra-contractual damages.[19]

Plaintiff states that her prior attorney was not admitted to practice in the Southern District of Texas.[20] Her prior attorney never made an appearance in this case since the case was removed on October 14, 2022. Plaintiff has since retained new counsel, who filed an initial appearance on November 22, 2022, and Plaintiff's Motion to Amend on November 23, 2022.[21]

---

[17]Defendant Protective life Insurance Company's Amended Partial Motion to Dismiss and Incorporated Memorandum of Law ("Defendant's Partial Motion to Dismiss"), Docket Entry No. 9, p. 1.

[18]Protective Life Insurance Company's Answer to Complaint and Third Party Complaint Against Susana Hansen Coronado ("Defendant's Answer and Third Party Complaint"), Docket Entry No. 6, p. 1.

[19]Memorandum Opinion and Order, Docket Entry No. 17, pp. 17-18.

[20]Plaintiff's Motion to Amend, Docket Entry No. 21, p. 14 ¶ 29.

[21]Notice of Appearance of Counsel, Docket Entry No. 16, p. 1; Plaintiff's Motion to Amend, Docket Entry No. 21, p. 1.

Plaintiff seeks to amend in part to add claims against Coronado. Plaintiff would add the following relevant allegations:

> [A]t 11:25 am on 10/8/20, the insured was noted to have impaired short term memory, and impaired thought process. Slightly more than 24 hours from his eventual death, he was also noted to be belligerent, restless and "too weak" to get up and down and then back up[22] . . . the insured certainly did not have access to an online account, a computer, or the internet while he was inpatient[23] . . . On or about February 26, 2021, Protective Life alleges that it received a "Withdrawal of Claim" statement purportedly signed by the Plaintiff[24] . . . Plaintiff never signed a "Withdrawal of Claim" statement [] Nor did Plaintiff authorize a "Withdrawal of Claim" statement to be signed by anyone on her behalf[25] . . . [Coronado] change[d] the beneficiary form to cut [Plaintiff] out of $100,000[,] later accepted the $100,912.33 policy proceeds at issue and worse, submitted a "Withdrawal of Claim Statement" falsified in her elderly mother's name.[26]

Based on these allegations, Plaintiff alleges claims for tortious interference with a contract and unjust enrichment against Coronado.[27] Defendant filed Protective Life Insurance Company's Response in Opposition to Plaintiff's Motion for Leave to File Amended Pleading ("Defendant's Response") (Docket Entry No. 32) on December 23, 2022. Plaintiff filed Plaintiff's Reply Brief in

---

[22] Amended Complaint, attached to Plaintiff's Motion to Amend, Docket Entry No. 21-1, p. 5 ¶ 22.

[23] Id. at 6 ¶ 25.

[24] Id. at 12 ¶ 35.

[25] Id. ¶¶ 37-38.

[26] Id. at 19 ¶ 72.

[27] Id. at 18-19.

Support of Motion for Leave to File Amended Pleading ("Plaintiff's Reply") (Docket Entry No. 33) on December 23, 2022.[28]

## II. Legal Standard

Federal Rule of Civil Procedure 15(a)(2) provides that after the deadline for amendment as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." "The court should freely give leave when justice so requires." Id. However, a "higher level of scrutiny" applies when a plaintiff seeks to join a new, non-diverse defendant that would destroy subject matter jurisdiction. Allen v. Walmart Stores, L.L.C., 907 F.3d 170, 185 (5th Cir. 2018). The Fifth Circuit has provided factors that govern this decision. Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987). The court should consider (1) "the extent to which the purpose of the amendment is to defeat federal jurisdiction," (2) "whether plaintiff has been dilatory in asking for amendment," (3) "whether plaintiff will be significantly injured if amendment is not allowed," and (4) "any other factors bearing on the equities." Id. A court should consider "the original defendant's interest in the choice of forum." Id.

## III. Analysis

Plaintiff argues (1) that the primary purpose of the proposed amendment is not to defeat federal jurisdiction, (2) that Plaintiff

---

[28]In her Reply, Plaintiff points out that Coronado now admits that she — not the Insured — submitted the change of beneficiary request. Plaintiff's Reply, Docket Entry No. 33, p. 1 ¶ 1 (quoting Coronado's Answer, Docket Entry No. 31, p. 12 ¶ 72).

has not been dilatory and that the modest delay was largely out of her control, (3) that Plaintiff faces the "risk that the jury would apportion liability to a party that the Plaintiff has not sued," and (4) that judicial economy and the possibility of inconsistent outcomes further justifies permitting amendment.[29] Defendant argues (1) that the amendment's purpose is to defeat jurisdiction because Plaintiff lacks a valid claims against Coronado, (2) that Plaintiff has delayed seeking amendment without justification, (3) that Plaintiff would not be injured by rejection of the amendment, and (4) that Plaintiff's lack of a valid claim against Coronado means there is no risk of parallel proceedings.[30]

### A.   Purpose of the Amendment

In determining an amendment's purpose, courts have often focused on whether the plaintiff states a valid claim against the new defendant. See, e.g., Karr v. Brice Building Co., Inc., Civil Action No. 08-1984, 2009 WL 1458043, at *3 (E.D. La. May 22, 2009) ("In this analysis, however, '[a]s long as the plaintiff states a valid claim against the new defendants, the principal purpose is not to destroy diversity jurisdiction.'").[31]  Courts also consider whether the plaintiff knew the new defendant's identity and role

---

[29]Plaintiff's Motion to Amend, Docket Entry No. 21, pp. 12-13 ¶ 25, pp. 14-15 ¶¶ 28-31, pp. 15-16 ¶ 33.

[30]Defendant's Response, Docket Entry No. 32, pp. 15-22 §§ 1-4.

[31]See also Gallegos v. Safeco Ins. Co. of Indiana, Civil Action No. H-09-2777, 2009 WL 4730570, at *4 (S.D. Tex. Dec. 7, 2009).

when filing the state court suit. See Richardson v. Wal-Mart Stores Texas, LLC, 192 F. Supp. 3d 719, 726 (S.D. Tex. 2016).

Plaintiff argues that the amendment's primary purpose is not to defeat jurisdiction and that she has valid claims against Coronado. She also alleges that she did not have full knowledge of Coronado's role in the beneficiary change when she first sued. Defendant responds that Plaintiff fails to state a valid claim against Coronado and that Plaintiff knew of Coronado's involvement well before suing.

1. Plaintiff's Tortious Interference Claim Against Coronado

Plaintiff seeks to allege a claim for tortious interference with a contract against Coronado. To prevail on such a claim Plaintiff must show "(1) an existing contract subject to interference, (2) a willful and intentional act of interference with the contract, (3) that proximately caused the plaintiff's injury, and (4) caused actual damages or loss." Prudential Insurance Co. of America v. Financial Review Services, Inc., 29 S.W.3d 74, 77 (Tex. 2000). Defendant argues that Plaintiff's tortious interference claim fails because: (1) Plaintiff never had a vested contract interest in the Policy and (2) the claim is time barred.[32]

i. Whether Plaintiff Had a Vested Contract Interest

Defendant argues that Plaintiff never had a vested contract interest because "settled Texas law holds that a named beneficiary

---

[32] Id. at 20.

has no vested interest in the policy proceeds unless . . . the insured dies." <u>Williams v. Metropolitan Life Ins. Co.</u>, Civil Action No. H-22-1594, 2022 WL 4857921, at *6 (S.D. Tex. Oct. 3, 2022).[33] Defendant argues that Plaintiff's claim is instead "properly characterized as 'tortious interference with an expectancy,' . . . But the Texas Supreme Court and Texas federal courts have held that such a claim is not recognized under Texas law."[34]

These arguments fail for several reasons. First, Plaintiff alleges that the beneficiary change was fraudulent. If the Insured did not at least consent to the change of beneficiary, the change would be void. <u>See Clifton v. Anthony,</u> 401 F. Supp. 2d 686, 692 (E.D. Tex. 2005) (designation of contingent beneficiary not recognized absent evidence the insured signed or consented to the designation). Plaintiff alleges that Coronado tortiously interfered with that interest by submitting a fraudulent Withdrawal of Claim Statement and by submitting the fraudulent beneficiary change. If Plaintiff's allegations are true and the change is void, Plaintiff was the valid beneficiary when the Insured died. If she was the valid beneficiary when the Insured died, she had a

---

[33]A named beneficiary may also have a vested interest in a life insurance policy where "a contract—separate from the policy itself—proscribes any change in the designation of the beneficiary [or where] the policy itself does not authorize the owner of the policy to change the beneficiary." <u>Id.</u> Plaintiff's allegations implicate neither of these situations.

[34]Defendant's Response, Docket Entry No. 32, p. 20.

vested contract interest at that time. See Williams, 2022 WL 4857921, at *6.

Moreover, even if Plaintiff had to rely on tortious interference with an expectancy, Defendant overstates the holding of Kinsel v. Lindsey, 526 S.W.3d 411 (Tex. 2017). The court in Kinsel stated that the "viability [of tortious interference with an expectancy] is an open question" in Texas and declined to resolve the question because there was another adequate remedy in the case. Id. at 423. For these reasons, the court is not persuaded that Plaintiff's claim fails for lack of a vested contract interest in the Policy.

ii. Whether Plaintiff's Claim is Time Barred

A two-year statute of limitations applies to a claim for tortious interference with a contract. Burke v. Insurance Auto Auctions Corp., 169 S.W.3d 771, 776 (Tex. App. — Dallas 2005). "A cause of action for tortious interference with contract does not accrue until the plaintiff suffers actual damages or loss." Lincoln General Insurance Co. v. U.S. Auto Insurance Services, Inc., 787 F.3d 716, 722 (5th Cir. 2015) (citing Holloway v. Skinner, 898 S.W.2d 793, 795-96 (Tex. 1995)). Defendant argues Plaintiff's claim accrued when Coronado allegedly removed her as named beneficiary, citing Baron v. Baron, Civil Action No. 3:16-CV-3465-C-BH, 2018 WL 1156002, at *12 (N.D. Tex. Feb. 13, 2018). Plaintiff responds that her claim could not have accrued until she suffered damages —

when the Policy proceeds were paid out on March 2, 2021. The court does not find <u>Baron</u> to be persuasive. Actual damage or loss does not become certain or inevitable when a person is removed as named beneficiary. The removed beneficiary presumably may challenge the beneficiary change with the insurer. If the insurer becomes convinced that the beneficiary change was fraudulent, presumably it would reverse the change. Here, Defendant did not pay out the proceeds until it concluded that Plaintiff had withdrawn her claim to the proceeds. Plaintiff's claim would arguably accrue either when Defendant rejected her challenge to the beneficiary change or when it paid the proceeds to Coronado.

Even if Defendant's accrual date were correct, Plaintiff alleges that Coronado again tortiously interfered with her interest on February 26, 2021, by fraudulently submitting the Withdrawal of Claim Statement. Even assuming <u>arguendo</u> that Plaintiff's claim based on the beneficiary change accrued on October 9, 2020, her tortious interference claim based on the Withdrawal could not have accrued until February 26, 2021. For these reasons the court is not persuaded that Plaintiff's tortious interference claim is time barred. Because the court concludes that Plaintiff alleges at least one valid claim against Coronado, this factor weighs in favor of granting Plaintiff's Motion to Amend.

2. <u>Plaintiff's Knowledge of Coronado and Her Role</u>

When Plaintiff filed the state court suit, she knew that Coronado had been paid the proceeds. But Plaintiff argues that

-11-

"Protective Life has not demonstrated that the Plaintiff knew the full scope and extent of Mrs. Coronado's involvement at the time the state court petition was filed."[35]  Plaintiff offers no authority stating that the Defendant bears the burden on this issue, and she does not detail what information she lacked at the time of suit.  This factor weighs against granting the Motion to Amend.[36]

**B.  The Degree of Delay in Adding the Claims**

Plaintiff filed this action on September 6, 2022, and the Motion to Amend on November 23, 2022, approximately a two-and-a-half-month delay.  Although the court has ruled on Defendant's Partial Motion to Dismiss, the court concludes that this delay is relatively modest.  Plaintiff also argues that her prior attorney's lack of admission to practice before this court hindered her ability to file anything after removal.  The docket reveals no attempt by Plaintiff's prior counsel to appear pro hac vice, but the court is reluctant to penalize Plaintiff for that possible

---

[35] Plaintiff's Motion to Amend, Docket Entry No. 21, p. 13 ¶ 26.

[36] The court notes that Plaintiff has changed counsel. Plaintiff's decision to assert new claims based on conduct she knew about before could be explained by a desire to defeat jurisdiction, but it could also be explained by her new attorney's substantive evaluation of these claims. Plaintiff's new attorney sought to add these claims the day after initially appearing in this case. So although Plaintiff's prior knowledge weighs against granting the Motion to Amend, Plaintiff's change of counsel reduces the persuasiveness of this consideration.

error.  Considering the relatively modest time frame and the delays attributable to the need to retain new counsel, the court concludes that the second <u>Hensgens</u> factor is neutral.

**C.    Whether Plaintiff Will Be Injured by Denying the Amendment**

Plaintiff argues that she will be injured by denial of her Motion to Amend because she faces the risk that the jury will apportion liability to a party that Plaintiff has not sued. Defendant argues that it can satisfy any judgment against it in this case, that its third-party claims against Coronado adequately protect Plaintiff, and that Plaintiff has not alleged a viable claim against Coronado.  Plaintiff's discussion of this factor is cursory.  Since Plaintiff could presumably sue Coronado in a separate action, denying Plaintiff's Motion to Amend would not foreclose her ability to recover from Coronado.  She would, however, be inconvenienced in having to litigate the same issues in parallel proceedings.  The court concludes that Plaintiff would be injured by denying her Motion to Amend.

**D.    Other Factors Bearing on the Equities**

Plaintiff acknowledges that Defendant has an interest in retaining the federal forum.  But she argues that judicial economy and the parties' resources would be best served by granting the Motion to Amend, thereby removing the need for parallel proceedings.  She also argues that there is a risk of inconsistent outcomes if she must sue Coronado separately.  Defendant argues

that there is no risk of parallel proceedings because Plaintiff has not alleged a valid claim against Coronado. For the reasons explained earlier, the court is not persuaded that Plaintiff's claims against Coronado are defective. Defendant's interest in retaining the federal forum weighs against granting the Motion to Amend, but judicial economy weighs in Plaintiff's favor.

### E.   Balancing the Hensgens Factors

Considering all the Hensgens factors, the court concludes that Plaintiff should be allowed to amend to add claims against Coronado. In particular, the court is persuaded that the primary purpose of the amendment is to recover the proceeds from Coronado, not to destroy the court's subject matter jurisdiction.

### F.   The Remainder of Plaintiff's Amended Complaint

Because the court concludes that Plaintiff's claims against Coronado should be allowed, the court will lose subject matter jurisdiction. The court therefore declines to address the sufficiency of Plaintiff's claims that do not bear on subject matter jurisdiction.

### IV.   Conclusion and Order

Because the court concludes that the Hensgens factors weigh in favor of permitting Plaintiff to amend to join Coronado as a defendant, Plaintiff's Motion for Leave to File Amended Pleading (Docket Entry No. 21) is **GRANTED**.

Because this places Texas citizens on both sides of this action, this court no longer has subject matter jurisdiction. This action is therefore **REMANDED** to the 164th District Court of Harris County, Texas.

The Clerk will provide a copy of this Memorandum Opinion and Order to the District Clerk of Harris County.

**SIGNED** at Houston, Texas, on this 1st day of February, 2023.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE